UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK BURKETT ET AL.,

                Plaintiff,               CIVIL ACTION NO. 05-CV-72110-DT

      vs.                       DISTRICT JUDGE PATRICK J. DUGGAN

HYMAN LIPPITT, P.C.,         MAGISTRATE JUDGE MONA K. MAJZOUB
ET AL.,

                Defendants,
_____

JENNIFER ADAMS, ET AL.,

                Plaintiff,               CIVIL ACTION NO. 05-CV-72171-DT

      vs.                       DISTRICT JUDGE PATRICK J. DUGGAN

HYMAN LIPPITT, P.C.,         MAGISTRATE JUDGE MONA K. MAJZOUB
ET AL.,

                Defendants,
_____

WILLIAM CLIFF, ET AL.,

                Plaintiff,               CIVIL ACTION NO. 05-CV-72221-DT

      vs.                       DISTRICT JUDGE PATRICK J. DUGGAN

HYMAN LIPPITT, P.C.,         MAGISTRATE JUDGE MONA K. MAJZOUB
ET AL.,

                Defendants,
_____/

## ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION

      Before the Court are three motions in three closely related securities fraud cases involving

Hyman LIPPITT, P.C. and its lawyers.  On May 24, 2006, the undersigned issued an Opinion and

Order Denying Defendants' Motion for a Protective Order and Granting in Part and Denying in Part

Plaintiff's Motion to Compel Discovery, encompassing a total of six motions in the above captioned Adams, Burkett, and Cliff cases. Defendants filed the three instant Motions for Reconsideration challenging the May 24, 2006 Order on June 8, 2006.

Pursuant to Rule 7.1(g)(3) of the Local Rules for the Eastern District of Michigan, a motion for rehearing or reconsideration may be filed within ten days after the entry of the decision to which it objects. As with other procedural time limits shorter than fourteen days, the period contemplated by Rule 72(a) does not include Saturdays, Sundays, or federally recognized holidays. Accordingly, the appeal period expired on June 8, 2006.[1] Whether considered as a mere objection to the May 24, 2006 Order of this Court or as a true motion for reconsideration, Defendants' Motion is timely.

A motion for reconsideration will be granted if the moving party demonstrates that the court's order contains "a palpable defect by which the court and parties have been misled," and that "correcting the defect will result in a different disposition of the case." L.R. 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest or plain. *Marketing Displays, Inc. v. Traffix Devices*, Inc., 971 F.Supp. 262, 278 (E.D.Mich.1997). Motions for Reconsideration "cannot . . . be employed as a vehicle to introduce new evidence that could have been adduced during the pendency of the summary judgment motion." *Id.* at 281. (citing *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir.1985). "It is improper on a motion for reconsideration to 'ask the Court to rethink what it has already thought through-rightly or wrongly." *Carter v. Robinson*, 211 F.R.D. 549, 550 (E.D. Mich. 2003)(citing *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1993). A Motion for Reconsideration will be

---

[1]June 8 is fifteen calendar days after May 24. There are a total of five intervening calendar days that do not count for purposes of determining the ten day period: weekends and the Memorial Day holiday.

considered only if (1) there has been an intervening change in the controlling law, (2) a clear error needs correction in order to prevent manifest injustice, or (3) new evidence is available. *Id.*

The motions addressed in the May 24, 2006 order require the Court to determine whether several thousand pages of documents were protected by the attorney client privilege. The Court reviewed evidence submitted by the parties, and reviewed each of the subject documents *in camera*. The Court laid out the elements of the attorney-client privilege in the Sixth Circuit, and discussed the applicability of the"crime-fraud" exception to the attorney client privilege at length. The Court concluded that the bulk of the contested documents were not privileged because (1) Defendants never gave legal representation to some of the parties they claimed to have represented; (2) many Defendants' communications were made for the purpose of giving business advice, as opposed to legal advice; and (3) many of the communications were subject to the crime-fraud exception.

Defendants mis-characterize the Order as turning solely on the crime-fraud issue. Defendants correctly state that the standard for determining the applicability of the crime-fraud exception to the attorney client privilege is "probable cause" to believe that a crime or fraud occurred. Defendants object to several "findings of fact," claiming that the Magistrate Judge's jurisdiction did not extend to the finding of any facts beyond whether a crime or fraud "might have occurred," and that each and every verb describing the operative facts in this case should have been in the subjunctive mood. Defendants object to six specific sentences placed in the indicative mood. Specifically, Defendants urge the undersigned to reconsider and phrase the following six sentences in the subjunctive mood:

> (1) "Defendant directed Hanver not to disclose the troubling revelations concerning Agave's investments to its investors."
>
> (2) "In June 2001, through the efforts of Defendants Givens and Hyman Lippitt, Agave acquired a seat on the [Chicago

3

Board of Options Exchange] in the name of Agave employee, Gil Howard."

(3) "The arrangement circumvented the CBOE's prohibition on seat ownership by pools of investors."

(4) "The Court's in camera review reveals that Defendants helped control and operate Agave, GNT, and the other investment entities in this case (except the Hanver entities), and that their role was not limited to the mere provision of legal advice."

(5) "Plaintiffs have shown that at least one purported 'attorney-client relationship' claimed by Hyman Lippitt did not exist."

(6) "Based on the evidence presented, the Court concludes that Hyman Lippitt never represented any of the West Indies Hanver entities in connection with Agave, GNT, or Genesis."

(Brief in Support of Defs.' Mot. to Reconsider at 6-7).

28 U.S.C. § 636(b)(1)(A) gives Magistrate Judges the power to "hear and determine" nondispositive pretrial matters. With respect to orders on nondispositive motions "[i]t is undisputed that the proper standard of review for discovery orders is the "clearly erroneous or contrary to law" standard." *Haines v. Liggett Group Inc.*, 975 F.2d 81, 92 (1992)(discussing District Court's review of a Magistrate Judge's decision applying the crime-fraud exception). District Courts reviewing orders issued under a Magistrate Judge's § 636(b)(1)(A) cannot refer to evidence that was not presented to the Magistrate Judge in reviewing the Order. *Id.* at 93. The power to "hear and determine" includes the power to determine the operative facts necessary to decide a motion. Indeed, a District Court's review of factual findings in a Magistrate Judge's § 636(b)(1)(A) Order is more deferential than the review of the legal conclusions in the Order. *Fisher v. United Parcel Service Co.*,

4

96-CV-72292, 2006 WL 1046973 at *3 (E.D. Mich. April 19, 2006); *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D.Mich.1995).

To dispose of the Motions in the May 24, 2006 Order, the Court was required to determine whether the attorney-client privilege applied to the documents, and, if so, whether those documents fell within the crime fraud exception. The fourth, fifth, and sixth sentences to which Defendants object are factual findings which were necessary to the Court's determination regarding the initial application of the attorney client privilege. If an attorney-client relationship never existed, or if a communication was made for business, rather than legal purposes, the attorney-client privilege would not apply even if the parties involved had no connection with fraud whatsoever.

The first, second, and third sentences were also properly within this Court's purview. Of themselves, none of these statements prove that Defendants committed the fraud of which they are accused in the instant case. More importantly, each of these statements was adequately supported by the record. Indeed, unless additional evidence is discovered and produced to the Court, there is no genuine issue of material fact with respect to the truth of these statements. The evidence Plaintiff produced in support of its motion and the evidence produced for *in camera* inspection supported each of these conclusions, and Defendants have not produced even a scintilla of evidence to prove otherwise.

Defendants have not afforded any legitimate basis for this Court to reconsider its decision. Defendants' Motion for Reconsideration is therefore **DENIED**.

**IT IS SO ORDERED.**


Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this

Order within which to file any written appeal to the District Judge as may be permissible under 28

U.S.C. 636(b)(1).

Dated: August 09, 2006                    s/ Mona K. Majzoub                    
                                          MONA K. MAJZOUB
                                          UNITED STATES MAGISTRATE JUDGE




**<u>Proof of Service</u>**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: August 09, 2006                    s/ Lisa C. Bartlett                    
                                          Courtroom Deputy