**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JACK BURKET, et al.,** | **CIVIL ACTION NOS.** | **05-CV-72110** |
| **JENNIFER ADAMS, et al.,** | | **05-CV-72171** |
| **WILLIAM CLIFF, et al.,** | | **05-CV-72221** |
| Plaintiffs, | | |
| vs. | **DISTRICT JUDGE PATRICK J. DUGGAN** | |
| **HYMAN LIPPITT, P.C.,** | **MAGISTRATE JUDGE MONA K. MAJZOUB** | |
| et al., | | |
| Defendants. | | |

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT HYMAN LIPPITT'S MOTION TO COMPEL TAX RETURNS

These matters come before the Court on Defendant Hyman Lippitt's Motion to Compel Tax Returns[1]. On June 8, 2007 Defendant Hyman Lippitt filed its Motion to Compel Tax Returns against Plaintiffs and Counter/Third-Party Defendants. Plaintiffs and Third-Party Defendant Andrew H. Wilson ("Plaintiffs" and "Third-Party Defendant Wilson," respectively) filed their Brief in Opposition on June 21, 2007. Counter/Third-Party Defendants Keith Mohn and Laurence Mohn ("Counter/Third-Party Defendants") filed their Brief in Opposition on June 22, 2007. Defendant Hyman Lippitt filed a Reply Brief on June 25, 2007. These motions have been referred to the undersigned for hearing and determination under 28 U.S.C. § 636(b)(1)(A). The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decisional process

---

[1] The above-captioned actions are closely related and allege securities fraud involving Hyman Lippitt, P.C., and its lawyers. The cases were consolidated for purposes of discovery by Order dated August 16, 2006. Hereinafter, the Court will use Case No. 2:05-cv-72221 for the purpose of identifying docket numbers of pleadings and documents.

would not be significantly aided by oral argument. Therefore, these motions will be resolved without oral argument pursuant to E.D. MICH. LR 7.1(e)(2).

Defendant Hyman Lippitt served Plaintiffs, Third-Party Defendant Wilson and Counter/Third-Party Defendants with discovery requests. These discovery requests included requests for state and federal income tax returns and gift tax returns[2]. Plaintiffs, Third-Party Defendant Wilson and Counter/Third-Party Defendants object to providing their tax returns. They argue that Defendant Hyman Lippitt has neither shown that the tax returns are relevant nor that it cannot obtain that information from other sources.

Defendant Hyman Lippitt contends that the tax returns are discoverable pursuant to Fed. R. Civ. P. 26(b)(1) because they are relevant to the issues, claims and defenses in this action. Defendant Hyman Lippitt also agues that the tax returns are within Plaintiffs' possession, easily produced and not available from another source.

**Tax Returns Are Discoverable**

Rule 26(b) provides that parties may obtain discovery regarding any matter "that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Broad discretion is afforded to the Court in regulating discovery. *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991). The Court is guided by the strong, overarching policy of allowing liberal discovery. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002).

---

[2]Request to Produce No. 59 of Defendant Hyman Lippitt's First Set of Discovery to Plaintiffs states "[p]lease produce copies of state and federal income tax returns for years 1999-2004, as well as gift tax returns for years 1999-2004, for each of the Plaintiff entities and individuals." Request to Produce No. 28 of Defendant Hyman Lippitt's First Set of Discovery to Counter/Third-Party Defendants states "[p]lease produce copies of state and federal income tax returns for years 1998-2004, as well as gift tax returns for years 1998-2004, for each of the Third-Party Defendants."

"[T]ax returns are subject to discovery in civil litigation between private parties." *Credit Life Ins. Co. v. Uniworld Ins. Co.*, 94 F.R.D. 113, 119 (D.C. Ohio 1982). However, there are limitations to when a party may be ordered to provide tax returns to an opposing party. "Tax returns do not enjoy an absolute privilege from discovery. Nevertheless, a public policy against unnecessary public disclosure arises from the need, if the tax laws are to function properly, to encourage taxpayers to file complete and accurate returns." *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975) (citations omitted).

Tax returns are discoverable where they are relevant to the action or the issues raised thereunder and the material is not otherwise readily available. *See Credit Life Ins. Co.,* 94 F.R.D. at 121; *Cooper v. Hallgarten & Co.*, 34 F.R.D. 482, 484 (S.D.N.Y. 1964); *see also Kingsley v. Delaware, Lackawanna & Western R.R.*, 20 F.R.D. 156, 158 (S.D.N.Y. 1957) (*Kingsley* provides a more restrictive approach to discovery of tax returns. "[W]here a litigant himself tenders an issue as to the amount of his income, there is no privilege against the disclosure of his tax returns and he can be directed to obtain them from the Government if he does not himself have copies.").

The production of tax returns is not limited solely to issues of income. *See Credit Life Ins. Co.,* 94 F.R.D. at 121 (tax returns relevant to jurisdiction and the corporate "alter ego" theory asserted by the plaintiffs and one defendant); *Heathman v. United Stated District Court for the Central District of California*, 503 F.2d 1032, 1033 (9th Cir. 1974) (tax returns relevant to "the nature of the interrelationship among the various defendants," including individuals, corporations and other legal entities); and *Shearson Lehman Hutton, Inc. v. Lambros*, 135 F.R.D. 195, 198 (M.D. Fla. 1990) (tax returns relevant to plaintiff's claims of financial impropriety and conversion by defendants).

Once the Court has determined that the tax returns are relevant, it must determine whether this information is available from other sources. "Once the party seeking production has made the required

3

showing of relevancy, . . . the burden then shifts to the party opposing production to show that sources other than the tax returns exist from which the information sought may readily be obtainable." *See Eastern Auto Distribs., Inc. v. Peugeot Motors of America, Inc.*, 96 F.R.D. 147, 149 (E.D. Va. 1982)[3]. The Court finds this to be a well-reasoned view. The party opposing production is in the best position to show that the information is available from another source.

**Defendant Hyman Lippitt's Request To Produce To Plaintiffs**

Defendant Hyman Lippitt asserts that Plaintiffs' tax returns are discoverable because they are relevant to Plaintiffs' claims and Plaintiffs have placed their incomes and "level of financial sophistication directly at issue." Docket No. 159 at 7. Defendant Hyman Lippitt argues that Plaintiffs' tax returns are relevant to (1) the veracity of the Plaintiffs' representations in the investment "Agave" subscription agreements, including Plaintiffs' representations that they were accredited investors; (2) the issue of damages, especially to the extent that any of the Plaintiffs has claimed a tax write-off for any loss in their investment; (3) whether Plaintiffs have any interests in any of the offshore entities which are the subject of Plaintiffs' and Defendant Hyman Lippitts' respective claims; (4) whether Plaintiffs transferred funds or other assets to such offshore entities; and (5) the extent to which Plaintiffs received any income or distributions from the investments at issue, any of the Counter or Third-Party

---

[3]Counter/Third-Party Defendants rely on *Eastern Auto Distributors, Inc.* for the premise that "[a]s a matter of federal policy, the discovery of tax returns is disfavored," and to reject the argument "that tax returns were discoverable to probe a party's corporate structure." *See* Docket No. 165 at 3 and 6-7, respectively. The Court does not find their argument persuasive because of the difference in the underlying facts of *Eastern Auto Distributors, Inc.* In *Eastern Auto Distributors, Inc.,* the defendant offered several sources that may have the information the plaintiff sought, including filings with official and semi-official foreign governmental agencies. The court held that the information the plaintiff sought may be readily obtainable without disclosing the tax returns. *See Eastern Auto Distribs., Inc.*, 96 F.R.D. at 149.

4

Defendants or the SEC appointed receiver on account of their investments or from any other offshore entity identified in the pleadings. The Court finds that Plaintiffs' incomes are at issue in this matter.

First, to the extent that Plaintiffs represented in the Agave subscription agreements that they were accredited investors, Plaintiffs' incomes are at issue. The International Private Placement Subscription Agreements for the Class B and Class C shares that were provided to the Court with Plaintiffs' First Amended Complaint contain representations and warranties including the following:

> If the Purchaser is a natural person, his or her individual net worth, or joint net worth with a spouse, currently exceeds One Million and 00/100 ($1,000,000.00) U.S. Dollars or the Purchaser is a natural person who had an individual income in excess of Two Hundred Thousand and 00/100 ($200,000.00) U.S. Dollars in each of the two (2) most recent years or joint income with a spouse in excess of Three Hundred Thousand and 00/100 ($300,000.00) U.S. Dollars in each of those years and the Purchaser has a reasonable expectation of reaching the same income level in the current year.

International Private Placement Subscription Agreements for the Class B and Class C shares, attachments E and F, respectively, to Docket No. 38.

Second, Plaintiffs put their standing as accredited investors at issue in their First Amended Complaint by asserting that the investments at issue in this case do not meet state and federal law exemptions to security registration requirements. Both the Securities Act of 1933 and Michigan's Uniform Securities Act contain exemptions under which a company that offers or sells it securities does not have to register the securities. Under either Act there is an exemption based in part on the income or net worth of the purchaser. *See generally* Federal Securities Act of 1933 § 4.04 Regulation D, Rule 501 (definition of an "accredited investor") and M.C.L. § 451.802(b)(9)(D)(5)(ii). Although Plaintiffs make a general allegation that the exemptions do not apply, the Court finds that Plaintiffs' incomes are relevant to issues relating to the Subscription Agreements, exemptions under the Securities Act of 1933 and/or exemptions under Michigan's Uniform Securities Act.

Plaintiffs argue that their tax returns are irrelevant because any tax benefits they may have received as a result of the Agave investments are irrelevant to the question of damages. Plaintiffs are correct that rescissory damages under § 12(2) of the Securities Act of 1934, and, when available under § 10(b) of the Securities Exchange Act of 1934, do not require an offset of any tax benefits received by the plaintiff. *See Randall v. Loftsgaarden*, 478 U.S. 647 (1986). However, *Randall* does not address discovery issues and addresses only the narrow purpose of using tax benefits to offset damages. Plaintiffs' incomes are relevant to the extent they received income or distributions or sustained losses from the investments at issue in this case. Plaintiffs claim that they have "suffered actual damages in an amount to be proven at trial, but believed to be in excess of 65% of the amount each Plaintiff invested in Agave shares." Docket No. 38 ¶ 82. Defendant Hyman Lippitt is entitled to discovery relating to any issues relevant to the action at bar, including the damages that Plaintiffs intend to prove at trial.

The Court finds that the Plaintiffs' incomes are at issue in this case as a result of Plaintiffs' claims and the information in Plaintiffs' tax returns is relevant to the claims and defenses of Defendant Hyman Lippitt. The Plaintiffs do not show that the information that Defendant Hyman Lippitt seeks is available from other sources. Therefore Plaintiffs must produce their tax returns.

**Defendant Hyman Lippitt's Request To Produce To Counter/Third-Party Defendants**

Defendant Hyman Lippitt claims that Counter/Third-Party Defendants' tax returns are directly relevant to its allegations that Counter/Third-Party Defendants benefitted from a fraudulent scheme that involved the offer and sale of securities, offshore insurance and re-insurance companies and the use of other investors' funds to pay distributions to Counter/Third-Party Defendants themselves and

6

their foreign entities. Defendant Hyman Lippitt's allegations implicate issues including offshore and foreign entities, accounts and investments, distributions, income and commissions and corporate structure.

Both the Plaintiffs' and Defendant Hyman Lippitt's Complaints are rife with allegations of financial wrongdoing and misappropriation by the Counter/Third-Party Defendants. Although Counter/Third-Party Defendants argue that the tax returns are not relevant, Defendant Hyman Lippitt brings claims for contribution against the Counter/Third-Party Defendants. Issues of the payment and/or receipt of commissions, distributions and fees are potentially key to Defendant Hyman Lippitt's claims and defenses. Counter/Third-Party Defendants' tax returns are relevant to these issues. Therefore, the tax returns are discoverable pursuant to the broad rules of discovery under Fed. R. Civ. P. 26(b)(1) ("Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.").

Counter/Third-Party Defendants rely on *Smith v. Oppenheimer*, 1984 U.S. Dist. LEXIS 21981 at *8 (W.D. Mich. 1984), for the premise that tax returns "may be subject to discovery when a party's income is directly in issue." They argue that in the cases at bar, Mohn's income is not at issue. Their argument is not persuasive. As shown above, tax returns may be relevant to issues other than income. *See Credit Life Ins. Co.,* 94 F.R.D. at 121; *Heathman,* 503 F.2d at 1033; and *Shearson Lehman Hutton, Inc.,* 135 F.R.D. at 198. At the heart of many of Defendant Hyman Lippitt's allegations are issues about foreign trusts, foreign and offshore entities and any possible distributions to or from these entities. The tax returns are relevant to these issues. Tax returns are also relevant to allegations of financial impropriety and fraud. The Court finds that Counter/Third-Party Defendants' tax returns are relevant to the issues raised in Defendant Hyman Lippitt's claims and defenses.

7

Plaintiffs and Counter/Third-Party Defendants have failed to meet their burden to show that the information Defendant Hyman Lippitt seeks is available from another source. Counter/Third-Party Defendants point to *Smith v. Oppenheimer* for the premise that Defendant Hyman Lippitt could get the information it seeks through a "carefully tailored interrogatory." Docket No. 165 at 7. The underlying *Smith* facts vary greatly from the case at bar. In *Smith*, the plaintiff sought only the total personal income of each of the defendants and the tax returns supporting the same. *See Smith*, 1984 U.S. Dist. LEXIS 21981 at *8. Counter/Third-Party Defendants over simplify the information which Defendant Hyman Lippitt seeks. Defendant Hyman Lippitt seeks a variety of information regarding an alleged money trail, possible affiliated companies and foreign entities and trusts. Any or all of this information might be gleaned from a tax return. This information is relevant and Counter/Third-Party Defendants have failed to show that another source exists for this information. The Court finds that Counter/Third-Party Defendants must produce the tax returns as requested.

**Defendant Hyman Lippitt's Request To Produce To Third-Party Defendant Andrew H. Wilson**

Defendant Hyman Lippitt's only claim against Third-Party Defendant Wilson is for tortious interference with contractual and business relationships. *See* Docket No. 64 ¶¶ 116-19. Defendant Hyman Lippitt has not met its burden to show that Third-Party Defendant Wilson's tax returns are relevant to the issues or subject matter of this action. Defendant Hyman Lippitt provides no discussion, reason or legal authority why Third-Party Defendant Wilson's tax returns are relevant to its defenses or its sole claim against Third-Party Defendant Wilson. The Court finds that Third-Party Defendant Wilson is not required to produce his tax returns.

**Scope Of Discovery Requests**

Finally, the Court is not persuaded by Plaintiffs' and Counter/Third-Party Defendants' arguments that Defendant Hyman Lippitt's request is overly broad because it encompasses years 1999

to 2004 for Plaintiffs and 1998 to 2004 for Counter/Third-Party Defendants. Plaintiffs' allegations go back as far as 1999 and as far forward as 2004 and Defendant Hyman Lippitt's allegations go back as far as 1998. *See* Docket Nos. 38 and 64, respectively. Defendant Hyman Lippitt makes claims for allocation of percentage of responsibility and contribution. Based on Defendant Hyman Lippitt's claims and its possible defenses to any of Plaintiffs' claims, its discovery may extend through the relevant period of Plaintiffs' and its own claims and allegations.

**IT IS THEREFORE ORDERED** that Defendant Hyman Lippitt's Motion to Compel Tax Returns (No. 05-72110, docket no. 174; No. 05-72171, docket no. 175; No. 05-72221, docket no. 159) is **GRANTED** as to the Plaintiffs and Counter/Third-Party Defendants Keith Mohn and Laurence Mohn.

**IT IS FURTHER ORDERED** that Defendant Hyman Lippitt's Motion to Compel Tax Returns is **DENIED** without prejudice as to Third-Party Defendant Andrew H. Wilson.

**IT IS FURTHER ORDERED** that Plaintiffs and Counter/Third-Party Defendants Keith Mohn and Laurence Mohn are ordered to produce their tax returns within fourteen (14) days from the date of this order.

**IT IS FURTHER ORDERED** that the Parties' requests for attorneys' fees and costs are **DENIED**.

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: July 27, 2007          s/ Mona K. Majoub
                                               MONA K. MAJZOUB
                                               UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

      I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: July 27, 2007                          s/ Lisa C. Bartlett
                                                            Courtroom Deputy