**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JACK BURKET, et al.,** | **CIVIL ACTION NOS.** | **05-72110** |
| **JENNIFER ADAMS, et al.,** | | **05-72171** |
| **WILLIAM CLIFF, et al.,** | | **05-72221** |
| Plaintiffs, | | |
| VS. | **DISTRICT JUDGE PATRICK J. DUGGAN** | |
| **HYMAN LIPPITT, P.C.,** | **MAGISTRATE JUDGE MONA K. MAJZOUB** | |
| et al., | | |
| Defendants. | | |
| _____/ | | |

**OPINION AND ORDER DENYING THIRD-PARTY DEFENDANT WILSON'S
MOTION FOR PROTECTIVE ORDER
AND
GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR
ORDER COMPELLING PRODUCTION OF DOCUMENTS IN RESPONSE TO
REQUEST NO. 34 OF PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS
AND
GRANTING PLAINTIFFS' MOTION FOR ORDER PERMITTING IN EXCESS OF
SEVEN HOURS DEPOSITION TESTIMONY**

These actions are closely related and allege securities fraud involving Hyman Lippitt, P.C., and its lawyers. The first motion at issue is Third-Party Defendant Andrew Wilson's Motion for Protective Order filed on July 2, 2007. (Docket no. 188).[1] The Hyman Lippitt Defendants filed a Response on July 16, 2007. (Docket no. 198). The second motion is Plaintiffs' Motion for Order Compelling Production of Documents in Response to Request No. 34 of Plaintiffs' First Request for Production of Documents filed on July 25, 2007. (Docket no. 200). The Hyman Lippitt Defendants filed a Response on August 10, 2007. (Docket no. 214). Finally, the third motion is Plaintiffs' Motion for Order Permitting in Excess of Seven Hours Deposition Testimony filed on July 5, 2007. (Docket no.

---

[1] Citations to the record will be to Case No. 05-CV-72110, unless otherwise noted.

190). The Hyman Lippitt Defendants filed a Response on July 10, 2007. (Docket no. 196). These matters have been referred to the undersigned for decision. (Docket nos. 192, 201). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). These three motions are now ready for ruling.

    1.    *Third-Party Defendant Wilson's Motion for Protective Order*

Third-Party Defendant Wilson is the lead counsel for Plaintiffs in this action. Defendant Hyman Lippitt, P.C. has brought a claim against him for interference with business relationships. He seeks a protective order to excuse him from further responding to Hyman Lippitt's First Set of Discovery Requests which were served on August 21, 2006. There are 40 Requests for Production and the first 21 Requests are tied to Requests for Admission and to Interrogatories. Wilson responded on September 20, 2006 with objections, and now 37 of the 40 Requests are at issue. Many months later, on June 21, 2007, Hyman Lippitt, P.C. demanded a privilege log from Wilson for the documents that Wilson refused to produce. Wilson objects to producing the log or documents, which he contends number in the thousands, based on the grounds of relevancy, attorney/client privilege, work product doctrine, and that the information sought is the same as Hyman Lippitt is discovering from Plaintiffs. Defendant Hyman Lippitt seeks either a privilege log or the documents.

Rule 26(b)(2)(c), Fed. R. Civ. P., allows the Court to fashion a protective order to avoid discovery that it too burdensome on a party. Some courts utilize a proportionality test in deciding whether requested discovery is too burdensome. This test considers the needs of the case, the amount in controversy, the resources of the parties, the importance of the issues at stake in the case, and the importance of the proposed discovery in resolving these issues. *American Int'l Specialty Lines Ins. Co. v. NWI-I, Inc.,* 240 F.R.D. 401, 412 (N.D. Ill. 2007).

Third-Party Defendant Wilson has not shown that the requested documents are irrelevant to the issues in this case. The documents requested are tied to the issues and seek evidence such as the communications possessed by Plaintiffs showing that various parties solicited Plaintiffs to invest in the failed Agave fund which produced Plaintiffs' losses. (Requests 2-4). Wilson argues that the knowledge of the investors in this scheme is not relevant because Plaintiffs need not prove personal knowledge of the facts constituting a Defendant's wrongdoing. However, Wilson fails to provide any authority for this argument. He has therefore failed to show that the discovery requests at issue seek irrelevant documents.

Third-Party Defendant Wilson's contention that the documents at issue may be obtained from Plaintiffs is conclusory and unsupported. Even if it were supported, he had made no showing that this would relieve him of the obligation to respond to his own discovery requests.

Finally, Wilson's arguments concerning the attorney/client privilege and the work product doctrine are conclusory as well. Moreover, they are premature because he has not provided a privilege log which would assist the Court in determining whether these privileges are applicable.

The burdensomeness of producing a privilege log for the documents at issue is due to the complex issues involved in this action. The parties have much at stake and the resources to produce much work for the opposing parties. Defendants allege that they have produced over 14,000 pages of documents to Wilson during discovery. Therefore, even though the production of a privilege log may be burdensome, when considering the relevant factors of Rule 26(b) the Court finds no basis for granting Wilson a protective order. Wilson's motion will therefore be denied.

   *2.     Plaintiffs' Motion for Order Compelling Production of Documents*

Request No. 34 of Plaintiffs' First Request for Production of Documents seeks "all documents relating to or referring to" the "Viatical Litigation." This litigation is an earlier case involving similar

3

allegations against Hyman Lippitt, P.C. concerning bonds issued by North Korea. The Hyman Lippitt Defendants objected to this Request on the basis of relevancy and burdensomeness.

The Court finds that the requested documents are relevant to this proceeding. Defendants do not dispute the similarities between these two proceedings such as that Givens participated in an offshore investment scheme in which investors lost large amounts of money, that both involve the Mohn Defendants and offshore investment companies, and that offshore entities were set up by and represented by Hyman Lippitt, P.C. Accordingly, Plaintiffs have shown the relevancy of these documents.

Plaintiffs list several documents that they contend Defendants have improperly failed to produce. The first is the transcript of the deposition of Terry Givens. Defendants show that they produced his deposition transcript on August 10, 2007. Therefore, this request to compel the production of Givens' deposition is moot and will be denied on this basis.

The second document is a settlement demand letter written by the plaintiffs in the earlier litigation. Defendants have identified this letter in a privilege log but have not produced it. The log cites Fed. R. Evid. 408 as the basis for the privilege. Rule 408 provides that evidence of conduct or statements made in compromise negotiations is not admissible. Defendants rely on cases holding that such evidence is not admissible at trial. However, that the evidence is not admissible does not end the inquiry of whether it is discoverable. *Tarnoski v. Old Republic Ins. Co.*, 2007 WL 1599699 (E.D. Mich. June 4, 2007) (affirming Magistrate Judge order finding evidence of settlement discoverable although not admissible). This document is relevant to the action and likely to lead to the discovery of admissible evidence. Therefore, because Defendants' argument that the evidence is not admissible misses the mark, they must produce the letter.

The third document at issue is the transcript of Keith Mohn's deposition. Defendants state that they do not have possession of this document but are attempting to get it. Because Hyman Lippitt, P.C. was a party in the earlier litigation, this deposition transcript should be under its control because it is in the possession of its counsel in that litigation. Hyman Lippitt has not argued that the transcript is not under its control. Therefore, this transcript should be produced.

The final document is the opinion letter written by Hyman Lippitt, P.C. Defendants do not state whether they have possession of this letter. The Court finds it to be relevant to this action. Hyman Lippitt should either produce it or clearly state that it is not in its possession, custody or control.

3.  *Plaintiffs' Motion for Permitting in Excess of Seven Hours Deposition Testimony*

Plaintiffs seek an order pursuant to Fed. R. Civ. P. 30(d)(2) permitting depositions of Defendants Terry Givens and John Sellers to exceed seven hours. Specifically, Plaintiffs request that the Court permit up to 15 hours of testimony for Sellers and up to 20 hours for Givens. They base this request on the extensive involvement of both Givens and Sellers in the allegedly fraudulent securities scheme. Both Sellers and Givens have each been deposed for 5 to 5½ hours. Plaintiffs' counsel estimates that approximately 15 hours will be needed to complete the deposition of Sellers and 20 hours for Givens. The Hyman Lippitt Defendants have refused to permit questioning in excess of 9 hours.

Rule 30(d)(2) states that unless authorized by the court or stipulated by the parties, "a deposition is limited to one day of seven hours." Fed. R. Civ. P. 30(d)(2). The party seeking to depose a person for longer than seven hours must show good cause for the request. *See Pace v. City of Palmetto*, 2007 WL 470477 at *1 (M.D. Fla. Feb. 13, 2007).

The Court is convinced that both Sellers and Givens have much information relevant to the claims and defenses in these actions. The broad scope of the actions of Sellers and Givens which are relevant to these actions, and the documents upon which they could provide information, could not be

5

reasonably inquired into within the seven-hour limitation of Rule 30(d)(2). However, Defendants' argument that the Plaintiffs' request lacks specifics has merit also. Under these circumstances, the Court finds that an additional 7 hours of testimony from Sellers and an additional 9 hours from Givens is reasonable. The deposition of Sellers should be completed in one day and the deposition of Givens should be completed on two consecutive days. The parties should arrange for a mutually convenient time and place for these depositions, but they should be completed on or before September 12, 2007, unless the parties agree to a later date.

**IT IS THEREFORE ORDERED** that Third-Party Defendant Wilson's Motion for Protective Order (No. 05-72110, docket no. 188; No. 05-72171, docket no. 191; No. 05-72221, docket no. 170) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Order Compelling Production of Documents (No. 05-72110, docket no. 200; No. 05-72171, docket no. 204; No. 05-72221, docket no. 181) is **GRANTED** to the extent that the Hyman Lippitt Defendants shall on or before noon on August 31, 2007 produce from the Viatical Litigation a copy of the settlement demand letter, the transcript of the deposition of Keith Mohn, and the opinion letter of Hyman Lippitt, P.C., and is otherwise **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Order Permitting in Excess of Seven Hours Deposition Testimony (No. 05-72110, docket no. 190; No. 05-72171, docket no. 193; No. 05-72221, docket no. 172) is **GRANTED** to the extent set out above.

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: August 23, 2007             s/ Mona K. Majzoub
                                          MONA K. MAJZOUB
                                          UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: August 23, 2007             s/ Lisa C. Bartlett
                                          Courtroom Deputy