UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM CLIFF, et al.,

    Plaintiffs,

v.

HYMAN LIPPITT, P.C., et al.,

    Defendants.
_____/     Case No. 05-72221

HYMAN LIPPITT, P.C.,     Honorable Patrick J. Duggan

    Third-Party Plaintiff,

v.

KEITH MOHN, et al.,

    Third-Party Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS JOHN DOES #1-20

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on September 5, 2007.

PRESENT:     THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

This matter is before the Court in three separate, but related suits alleging Exchange

Act and state law violations: *Burket, et al. v. Hyman Lippitt, et al.*, Case No. 05-72110;

*Adams, et al. v. Hyman Lippitt, et al.*, Case No. 05-72171; and *Cliff, et al. v. Hyman*

*Lippitt P.C., et al.*, Case No. 05-72221.  On April 6, 2006, Plaintiffs filed amended complaints in these actions adding four individual attorneys from Hyman Lippitt, P.C. as Defendants: Norman Lippitt, Douglas Hyman, John Sellers, and Brian O'Keefe. Presently before this Court is Hyman Lippitt Defendants' Motion to Dismiss John Does #1-20.  Plaintiffs have not responded to Defendants' motion and the time for response has expired.  *See* E.D. Mich. LR 7.1.

In both their original and amended complaints, Plaintiffs alleged claims against two sets of John Doe defendants: John Does #1-20 ("shareholders, partners, members, and/or employees of HYMAN LIPPITT") and John Does #21-50 (unnamed "other individuals and/or entities").  (*See* Cliff Doc. No. 1 ¶ 16; Doc. No. 38 ¶ 21.)  The Hyman Lippitt Defendants seek to dismiss all claims against John Does #1-20, arguing that "Plaintiffs have made no effort to identify these John Does; no effort to amend their Complaint[]; and no effort to actually service any of these John Does with process."  (Hyman Lippitt Dfts.' Br. at 1.)

"In general, the use of unnamed defendants is not favored in the federal courts." *Haddad v. Fromson*, 154 F. Supp. 2d 1085, 1093 (W.D. Mich. 2001)(citing *Colle v. Brazos County, Tex.*, 981 F.2d 237, 243 (5th Cir. 1993)), *overruled on other grounds as stated in Great Lakes Consortium v. Michigan*, 480 F. Supp. 2d 977, 985 (W.D. Mich. 2007).  Nonetheless, "[c]ourts generally permit the use of fictitious names when the only way a plaintiff can obtain the name of a defendant who has harmed him is through the discovery process in a case filed against that defendant as an unnamed party."  *Plant v. Various John Does*, 19 F. Supp. 2d 1316, 1320 (S.D. Fla. 1998)(citing *Rodriguez v. City*

*of Passaic*, 730 F. Supp. 1314, 1319 n.7 (D.N.J. 1990)). A plaintiff bringing a claim against John Doe defendants must make a reasonably diligent search to ascertain the identities of the John Doe defendants. *See Figueroa v. Rivera*, 147 F.3d 77, 82-83 (1st Cir. 1998); *Plant*, 19 F. Supp. 2d at 1320; *Haddad*, 154 F. Supp. at 1093.

As the Hyman Lippitt Defendants contend, the case at bar was filed on May 27, 2005. The discovery deadline has been extended on several occasions, and pursuant to the Court's most recent scheduling order, the discovery deadline expired on August 31, 2007. (Cliff Doc. No. 153.) Nonetheless, Plaintiffs have failed to seek leave to amend their complaint to add the names of John Does #1-20 and they have failed to respond to the Hyman Lippitt Defendants' motion informing this Court as to the identities of these unnamed Defendants. Consequently, this Court will dismiss John Does #1-20 without prejudice.

Accordingly,

**IT IS ORDERED** that the Hyman Lippitt Defendants' Motion to Dismiss John Does #1-20 is **GRANTED** and John Does #1-20 are **DISMISSED WITHOUT PREJUDICE**.

                              s/PATRICK J. DUGGAN
                              UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record