UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK BURKET, et al.,
    Plaintiffs,
v.

HYMAN LIPPITT, P.C., et al.,
    Defendants,
and                                                    Case No. 05-72110
                                                         Honorable Patrick J. Duggan

HYMAN LIPPITT, P.C.,
    Third-Party Plaintiff,
v.

KEITH MOHN, et al.,
    Third-Party Defendants.
_____/


JENNIFER ADAMS, et al.,
    Plaintiffs,
v.

HYMAN LIPPITT, P.C., et al.,
    Defendants,                            Case No. 05-72171
and                                                    Honorable Patrick J. Duggan

HYMAN LIPPITT, P.C.,
    Counter and Third-Party Plaintiff,
v.

KEITH MOHN, et al.,
    Counter and Third-Party Defendants.
_____/


WILLIAM CLIFF, et al.,

        Plaintiffs,
v.

HYMAN LIPPITT, P.C., et al.,
        Defendants,
and                                                    Case No. 05-72221
                                                              Honorable Patrick J. Duggan
HYMAN LIPPITT, P.C.,
        Third-Party Plaintiff,
v.

KEITH MOHN, et al.,
        Third-Party Defendants.
_____/

## **OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 23, 2007.

PRESENT:        THE HONORABLE PATRICK J. DUGGAN
                      U.S. DISTRICT COURT JUDGE

     This matter is before the Court in three separate, but related lawsuits alleging Exchange Act and state law violations: *Burket et al. v. Hyman Lippitt, P.C. et al.*, Case No. 05-72110; *Adams et al. v. Hyman Lippitt, P.C. et al.*, Case No. 05-72171; and *Cliff et al. v. Hyman Lippitt P.C., et al.*, Case No. 05-72221.[1] Presently before this Court are: (1) "Plaintiffs' Objection to Opinion and Order Granting in Part and Denying in Part Defendant Hyman Lippitt's Motion to Compel Tax Returns;" and (2) the "Hyman Lippitt

---

[1]On August 16, 2006, this Court issued an Order consolidating these cases for discovery purposes.

Defendants'[2] Appeal From Magistrate Judge Majzoub's Aug 23, 2007 Denial of Motion to Extend Number of Interrogatories, and Aug 27, 2007 Denial of Motion for Reconsideration." Defendant Hyman Lippitt has filed a brief in opposition to Plaintiffs' objection. No response has been filed to the Hyman Lippitt Defendants' appeal and the time for response has expired. *See* E.D. Mich. LR 7.1(d)(2). Having reviewed the briefs filed in support of and, to the extent that they were filed, in opposition to these motions, the Court sees no need for oral argument, and is therefore dispensing with oral argument in accordance with Local Rule 7.1(e)(2).

**I.     Standard of Review**

Pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 72(a) of the Federal Rules of Civil Procedure, a magistrate judge's nondispositive pretrial orders shall not be reversed unless "clearly erroneous or contrary to law."

**II.    Plaintiffs' Objection**

   **A.     Relevant Procedural History**

On June 8, 2007, after Plaintiffs objected to Defendant Hyman Lippitt's request to produce copies of their "state and federal income tax returns for years 1999-2004, as well as gift tax returns for years 1999-2004," Defendant Hyman Lippitt filed a motion to compel the production of the above-referenced tax returns against Plaintiffs and Counter/Third-Party Defendants. This Court referred Defendant Hyman Lippitt's motion to Magistrate Judge Mona K. Majzoub on the same day.

---

[2]The "Hyman Lippitt Defendants" include Defendant Hyman Lippitt, P.C. and individual Defendants Norman Lippitt, Douglas Hyman, Brian O'Keefe, and John Sellers.

On July 27, 2007, Magistrate Judge Mazjoub issued an Opinion and Order granting in part and denying in part Defendant Hyman Lippitt's motion to compel tax returns. Magistrate Judge Majzoub granted Defendant Hyman Lippitt's motion as it applied to Plaintiffs and Counter/Third-Party Defendants Keith Mohn and Laurence Mohn. However, Magistrate Judge Majzoub denied Defendant Hyman Lippitt's motion to compel as it applied to Third-Party Defendant Andrew Wilson. Only Plaintiffs object to Magistrate Judge Majzoub's Opinion and Order.

B.   Analysis

Rule 26(b) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." FED. R. CIV. P. 26(b). "[I]n order to compel the disclosure of tax returns, the court must be shown that the information sought from the returns bears some relevance to the subject matter of the litigation; and that the information sought from the returns is not readily attainable from other sources." *E. Auto Distribs., Inc. v. Peugeot Motors of Am., Inc.*, 96 F.R.D. 147, 148-49 (E.D. Va. 1982). "Once the party seeking production has made the required showing of relevancy, . . . the burden then shifts to the party opposing production to show that sources other than the tax returns exist from which the information sought may readily be obtainable." *Id.* at 149.

Plaintiffs assert two reasons why Magistrate Judge Majzoub's July 27, 2007 Opinion and Order should be overturned. First, Plaintiffs contend that their tax returns are not relevant to any of their claims or any defenses asserted by Defendants. Second, Plaintiffs argue that any information obtained from their tax returns is available from

4

other sources.

In its brief in opposition, Defendant Hyman Lippitt argues that "[t]he returns are directly relevant to several claims and defenses, as well as to the general credibility and veracity of each of the Plaintiffs." (*Burket* Doc. No. 228, *Adams* Doc. No. 233, *Cliff* Doc. No. 203, Dft.'s Br. in Opp. at 1.) In addition, Defendant Hyman Lippitt contends that "[t]here is no other source that will or can provide all of the information contained in the returns, and the Hyman Lippitt Defendants have agreed to enter into a protective order to prevent dissemination of information contained therein outside these lawsuits." (*Id.*)

With respect to whether their tax returns are relevant, Plaintiffs argue that they did not allege that they were "unsophisticated financially or otherwise, or in any way unsuitable for an investment in Agave Shares." Thus, according to Plaintiffs, they did not put their income at issue. This Court disagrees and believes that Plaintiffs put their incomes at issue by completing the International Private Placement Subscription Agreements required to purchase shares in Agave.[3] Furthermore, even if Plaintiffs did

---

[3] The International Private Placement Subscription Agreements, which were to be signed by the purchase of Class B or Class C shares, provide:

> If the Purchaser is a natural person, his or her individual net worth, or joint net worth with a spouse, currently exceeds One Million and 00/100 ($1,000,000.00) U.S. Dollars or the Purchaser is a natural person who had an individual income in excess of Two Hundred Thousand and 00/111 ($200,000.00) U.S. Dollars in each of the two (2) most recent years or joint income with a spouse in excess of Three Hundred Thousand and 00/100 ($300,000.00) U.S. Dollars in each of those years and the Purchaser has a reasonable expectation of reaching the same income level in the current year.

(*Burket* Doc. No. 146, Third Am. Compl., Exs. G and H; *Adams* Doc. No. 36, First Am. Compl., *Cliff* Doc. No. 38, Exs. E and F.)

5

not put their incomes at issue by virtue of these Subscription Agreements, Plaintiffs' incomes are relevant to the veracity of the representations they made in these Subscription Agreements.

Plaintiffs also object to Magistrate Judge Majzoub's July 27, 2007 Opinion and Order by arguing that their tax returns are not relevant to their requested damages. As Magistrate Judge Mazjoub pointed out, Plaintiffs allege in their complaints that they have "suffered actual damages in an amount to be proven at trial, but believed to be in excess of 65% of the amount each Plaintiff invested in Agave shares." (*Burket*, Doc. 146, Third Am. Compl. ¶ 92, *Adams*, Doc. 36, First Am. Compl. ¶ 82, *Cliff*, Doc. 38, First Am. Compl. ¶ 82.) Consequently, this Court believes that Plaintiffs' tax returns, which will show what dividends Plaintiffs received from their investments in Agave shares (*see* Dft.'s Br. in Opp. Exs. 3-4), are relevant to their requested damages.

Moreover, this Court does not believe that Magistrate Judge Majzoub erred in finding that Plaintiffs have failed to satisfy their burden of proving that the information contained in their tax returns is available from another source. *See E. Auto Distribs., Inc.*, 96 F.R.D. at 149. Plaintiffs argue that to the extent that their tax returns are being used to ascertain the amount each of the Plaintiffs invested, this information can be found in Exhibits A, B, and C to the Court Appointed Receiver's Second Omnibus Recommendation for Treatment of Claims in *SEC v. Mohn*, 02-74634. However, as Defendant Hyman Lippitt contends, the information the Agave investors submitted to the

Receiver in *SEC v. Mohn* was submitted voluntarily by the Agave investors. (*See SEC v. Mohn*, 02-74634, Doc. 184 ¶ 16.) Because the information contained in Plaintiffs' tax returns is not necessarily available from another source, the Magistrate Judge's decision on this issue is not "clearly erroneous or contrary to law."

In sum, the Court does not find that Magistrate Judge Majzoub's decision with respect to Hyman Lippitt's motion to compel tax returns is "clearly erroneous or contrary to law," and thus, Plaintiffs' appeal on this issue shall be denied.

## II. Hyman Lippitt Defendants' Appeal

### A. Procedural History

On August 2, 2007, the Hyman Lippitt Defendants filed a motion to extend the number of interrogatories they may serve pursuant to Rule 33 of the Federal Rules of Civil Procedure. This Court referred the Hyman Lippitt Defendants' motion to Magistrate Judge Majzoub on August 2, 2007. Counter/Third-Party Defendants Keith Mohn and Laurence Mohn filed a response on August 14, 2007. Plaintiffs filed a response on August 16, 2007.

On August 8, 2007, Magistrate Judge Majzoub issued an Amended Notice of Hearing scheduling the Hyman Lippitt Defendants' motion, among others, for an August 27, 2007 hearing. On August 23, 2007, prior to any hearing and on the day the Hyman Lippitt Defendants' reply brief was due, Magistrate Judge Majzoub issued an Opinion and Order denying the Hyman Lippitt Defendants' motion to extend number of interrogatories.

The Hyman Lippitt Defendants' filed a motion for reconsideration of Magistrate

Judge Majzoub's August 23, 2007 Opinion and Order on August 23, 2007. On August 27, 2007, Magistrate Judge Majzoub denied the Hyman Lippitt Defendants' motion for reconsideration.

   B.   **Analysis**

Rule 33 of the Federal Rules of Civil Procedure provides:

> Without leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts, to be answered by the party served . . . . Leave to serve additional interrogatories shall be granted to the extent consistent with the principles of Rule 26(b)(2).

FED. R. CIV. P. 33. Rule 26(b)(2) states:

> The frequency or extent of use of the discovery methods otherwise permitted under these rules . . . shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit . . . .

FED. R. CIV. P. 26(b)(2). "The party seeking leave must set forth a 'particularized showing' to exceed the limit of twenty-five interrogatories." *Duncan v. Paragon Publ'g, Inc.*, 204 F.R.D. 127, 128 (S.D. Ind. 2001).

The Hyman Lippitt Defendants principal argument is that Magistrate Judge Majzoub prevented them from filing a reply brief, which would have specifically listed the interrogatories the Hyman Lippitt Defendants were seeking leave to serve. In appealing the August 27, 2007 order denying their motion for reconsideration, the Hyman

Lippitt Defendants state that although Magistrate Judge Majzoub stated that "a motion for reconsideration cannot be used to introduce new evidence that could have been introduced during the pendency of the underlying motion," it was Magistrate Judge Majzoub's premature ruling on August 23, 2007 that prevented them from filling a reply brief listing the interrogatories they were seeking leave to serve.

While this Court does not wish to condone the practice of preventing a party from filing a reply brief, it does not believe that Magistrate Judge Majzoub's denial of the Hyman Lippitt Defendants' motion for leave to file the 49 additional interrogatories was "clearly erroneous or contrary to law." Magistrate Judge Majzoub concluded that the Hyman Lippitt Defendants failed to make a "particularized showing why the additional [49] interrogatories are necessary." (*Burket* Doc. No. 225, *Adams* Doc. No. 230, *Cliff* Doc. No. 200, 8/23/07 Op. & Or. at 2.) Moreover, Magistrate Judge Majzoub concluded that "Plaintiffs and the Third-Party Defendants convincingly argue that depositions would be an easier and more cost-efficient method to get the information." (*Id.*) Finally, Magistrate Judge Majzoub held that the Hyman Lippitt Defendants' request "comes very close to the scheduled close of discovery and an additional [49] interrogatories present a substantial burden to the parties answering the interrogatories." (*Id.*) In their appeal, the Hyman Lippitt Defendants fail to persuade the Court that Magistrate Judge Majzoub's findings are "clearly erroneous or contrary to law." Consequently, this Court will deny the Hyman Lippitt Defendants' appeal.

**IT IS ORDERED** that "Plaintiffs' Objection to Opinion and Order Granting in Part and Denying in Part Defendant Hyman Lippitt's Motion to Compel Tax Returns" is

**DENIED**.

**IT IS FURTHER ORDERED** that "Hyman Lippitt Defendants' Appeal from Magistrate Majzoub's Aug 23, 2007 Denial of Motion to Extend Number of Interrogatories, and Aug 27, 2007 Denial of Motion for Reconsideration" is **DENIED**.

                                               s/PATRICK J. DUGGAN
                                               UNITED STATES DISTRICT JUDGE

Copies to:
Larry Bennett, James Eggenberger, Andrew Wilson
Steven Susser, Rodger Young
T.S. Givens
Jack Mazzara
Thomas Blaske
Neil Vonfeldt
Michael Baratta
Magistrate Judge Mona Majzoub