# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| JACK BURKET, et al., | CIVIL ACTION NOS. 05-72110 |
| JENNIFER ADAMS, et al., | 05-72171 |
| WILLIAM CLIFF, et al., | 05-72221 |
|     Plaintiffs, | |
| VS. | DISTRICT JUDGE PATRICK J. DUGGAN |
| HYMAN LIPPITT, P.C., et al., | MAGISTRATE JUDGE MONA K. MAJZOUB |
|     Defendants. | |

## OPINION AND ORDER DETERMINING DEFENDANTS' REASONABLE EXPENSES

This matter comes before the Court on the Hyman Lippitt Defendants' Bill of Costs which was filed on December 11, 2007. (Docket nos. 268, 269).[1] Plaintiffs have filed a Response brief. (Docket no. 270). Defendants filed a Reply brief. (Docket no. 272). Judgment has not been entered in this action, therefore this is a pretrial motion. The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). Defendants' Bill of Costs is now ready for ruling.

On November 28, 2007 this Court entered an Order granting the Hyman Lippitt Defendants' Motion for Sanctions (docket no. 258) and awarding sanctions in an amount to be later determined based on Plaintiffs' failure to obey this Court's earlier order to produce tax return information. (Docket no. 267). Defendants have now filed their Bill of Costs detailing their reasonable expenses in having to file their November 9, 2007 Motion for Sanctions. Defendants request a total award of $3,469.93. (Docket no. 269). Attorney fees account for $3,345.00 of this total. Westlaw research

---

[1] Citations to the record will be to Case No. 05-CV-72110, unless otherwise noted.

fees are $101.64, Federal Express charges are $9.72, and copy charges are $13.57. The hourly fee of the two listed attorneys who performed almost all of the legal work is $250.00. The total number of hours they list is 12.9 hours. Another attorney is listed for 0.3 hours at $400.00 per hour.

Plaintiffs object to several aspects of Defendants' Bill of Costs. (Docket no. 270). They object to the work being done on the Motion for Sanctions before compliance was due with the Court's Order, suggest that there may be duplicate billing, and argue that 13.2 hours of work on the motion is excessive. Plaintiffs suggest that 2.3 hours of work is a more reasonable number for the time expended in preparing the motion.

The "lodestar" figure (the reasonable hourly rate times reasonable hours expended) is presumed to be the reasonable attorney's fee in this case. *See Miller v. Alldata Corp.*, 14 Fed. App'x 457, 468 (6th Cir. 2001). In addition, a court considers the following factors when calculating the reasonableness of attorney's fees: (1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client. (*Id.*).

Plaintiffs do not challenge the $250 per hour rate for the two attorneys who performed the most work on the motion. Defendants state in their Reply brief that these two attorneys graduated from law school in 1987 and 1988. The Court finds this hourly fee to be reasonable. The Motion for Sanctions was neither lengthy nor complex. Although it was persuasive, the Court finds that a more reasonable amount of time spent on preparing such a motion is four hours. This reduction in the amount of hours resolves Plaintiffs' objections as to possible duplicate billing and the alleged excessive amount. The four hours multiplied by the $250 reasonable hourly fee produces a total

attorneys' fee of $1,000.00. The expenses for research, copying, and courier charges are also reasonable. Therefore, the reasonable expenses to which Defendants are entitled amount to $1,124.93. The Court does not find it objectionable that Defendants began preparing the Motion for Sanctions prior to the time that compliance with the Court's Order was due. Given the historic inability of the parties in this action to resolve their differences it was reasonable for Defendants to conclude, even before compliance was due, that the motion would likely have to be filed.

**IT IS THEREFORE ORDERED** that the Hyman Lippitt Defendants are awarded reasonable expenses in the amount of $1,124.93 pursuant to Fed. R. Civ. P. 37(b)(2) which Plaintiffs shall remit to Defendants' counsel on or before March 21, 2008.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: March 03, 2008           s/ Mona K.Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: March 03, 2008           s/ Lisa C. Bartlett
                                Courtroom Deputy

3