UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK BURKET, et al.,                              Case No. 05-72110
JENNIFER ADAMS, et al.,                           Case No. 05-72171
WILLIAM CLIFF, et al.,                            Case No. 05-72221

      Plaintiffs,

                                      Honorable Patrick J. Duggan

v.

HYMAN LIPPITT, P.C., et al.,

      Defendants.
_____/

**OPINION AND ORDER GRANTING THE HYMAN LIPPITT
DEFENDANTS' MOTION FOR CLARIFICATION AND DISMISSING
COUNT VI OF THE THIRD AMENDED COMPLAINT IN *BURKET***

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on June 16, 2008.

PRESENT:       THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

This matter is before the Court on the Hyman Lippitt Defendants'[1] "Motion for Clarification of Status of Claims Against Individuals Lippitt, Hyman, O'Keefe, and Sellers," which was filed on May 5, 2008. The Hyman Lippitt Defendants state that "[i]t is the belief of [the four individual Hyman Lippitt Defendants] that no claims remain in any of these three cases which would impose individual liability against any of these four

---

[1] The "Hyman Lippitt Defendants" include Hyman Lippitt, Norman Lippitt, Douglas Hyman, Brian O'Keefe, and John Sellers. The Court will sometimes refer to the "Hyman Lippitt Defendants" as the "HL Defendants" in this Opinion and Order.

individuals. Defendants Lippitt, Hyman, Sellers and O'Keefe therefore seek a determination that there remain no claims for trial against any of these four individual Defendants in their individual capacity." (HL Defs.' Mot. ¶¶ 5-6.) Plaintiffs have not filed a response to the Hyman Lippitt Defendants' motion, and the time for response has expired. *See* E.D. Mich. LR 7.1(d)(2)(B).

The above-captioned matters are three separate but related lawsuits alleging Exchange Act and state law violations: *Burket, et al. v. Hyman Lippitt, et al.*, Case No. 05-72110; *Adams, et al. v. Hyman Lippitt, et al.*, Case No. 05-72171; and *Cliff, et al. v. Hyman Lippitt P.C., et al.*, Case No. 05-72221. On April 23, 2008, this Court issued an Opinion and Order granting in part and denying in part the Hyman Lippitt Defendants' motions for summary judgment. With respect to the claims asserted by Plaintiffs against the individual Hyman Lippitt Defendants, the Court dismissed all but one of the claims asserted against the individual Hyman Lippitt Defendants in the operative complaints in these actions: Plaintiff's breach of fiduciary duty claim in the *Burket* case, which is pleaded as Count VI on behalf of Plaintiffs John McLaughlin and the McLaughlin Companies[2] only. Therefore, the *Burket* Plaintiffs' breach of fiduciary duty claim is the only claim remaining against the individual Hyman Lippitt Defendants in each of these actions.

The Hyman Lippitt Defendants now argue that the breach of fiduciary duty claim in the *Burket* case, as it applies to the individual Hyman Lippitt Defendants, should also be

---

[2]The "McLaughlin Companies" include the following Plaintiffs in the *Burket* case: John McLaughlin LLC; McLaughlin Ford, Inc.; and McLaughlin Enterprises, Inc.

2

dismissed. More specifically, the Hyman Lippitt Defendants assert that this Court's application of the Michigan Professional Services Corporation Act in dismissing the *Cliff* and *Burket* Plaintiffs' legal malpractice claims precludes any personal liability on the fiduciary duty claim in the *Burket* case against Lippitt, Hyman, Sellers, and O'Keefe, individually.

In their first amended complaint, which is no longer operative, the *Burket* Plaintiffs alleged, as Count VI, a legal malpractice claim against all of the Defendants on behalf of John McLaughlin and the McLaughlin Companies. (*Burket* Doc. No. 38, First Am. Compl. ¶¶ 111-17.) Defendants Lippitt, Hyman, Sellers, and O'Keefe moved to dismiss the *Burket* Plaintiffs' legal malpractice claims, and in an Opinion and Order issued on December 29, 2006, this Court granted the individual Hyman Lippitt Defendants' motion to dismiss. In dismissing the *Burket* Plaintiffs' legal malpractice claim, the Court held that:

> [The Michigan's Professional Services Corporation Act ("PSCA"), MICH. COMP. LAWS § 450.221,] shields individual officers, shareholders, agents, and employees of Michigan professional corporations from individual liability for the actions of the business entity or other employees except where:
>
>> Sec. 6. . . . Any officer, shareholder, agent or employee of a corporation organized under this action shall remain personally and fully liable and accountable for any negligent or wrongful acts or misconduct committed by him, or by any person under his direct supervision and control, while rendering professional service on behalf of the corporation to the person for whom such professional services were being rendered. . . .

3

(*Burket* Doc. No. 138, 12/29/06 Op. & Or. at 8-9 (quoting MICH. COMP. LAWS § 450.226).) Finding that the *Burket* Plaintiffs failed to allege that any of the individual Hyman Lippitt Defendants "supervised and controlled" Defendant Givens, the Court dismissed the *Burket* Plaintiffs' legal malpractice claim for failure to state a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This Court agrees with the Hyman Lippitt Defendants and finds that the *Burket* Plaintiffs' breach of fiduciary duty claims against the individual Hyman Lippitt Defendants must fail. There are no allegations in the *Burket* Plaintiffs' breach of fiduciary duty claim that Sellers or O'Keefe directly supervised or controlled Givens. Moreover, the *Burket* Plaintiffs merely allege that Hyman and Lippitt *failed* to properly supervise Givens (*Burket* Doc. No. 145, TAC ¶ 112), which this Court previously held was insufficient to confer liability under the PSCA exception. (12/29/06 Op. & Or. at 9.) Finally, even if the *Burket* Plaintiffs sufficiently alleged a breach of fiduciary duty claim against the individual Hyman Lippitt Defendants, attached to the Hyman Lippitt Defendants' motion are affidavits from each of the individual Hyman Lippitt Defendants stating that they did not directly supervise or control Givens while he was a shareholder with Hyman Lippitt. (HL Defs.' Mot., Exs. 1, 2, 3, and 4 ¶ 3.) As indicated above, Plaintiffs have not responded to the Hyman Lippitt Defendants' present motion; thus, this evidence is unrefuted.

Accordingly,

**IT IS ORDERED** that the Hyman Lippitt Defendants' Motion for Clarification of Status of Claims Against Individuals Lippitt, Hyman, O'Keefe, and Sellers is

4

**GRANTED**.

**IT IS FURTHER ORDERED** that the *Burket* Plaintiffs' breach of fiduciary duty claim, which is pleaded as Count VI of the Third Amended Complaint, is **DISMISSED** as to Defendants Douglas Hyman, Norman Lippitt, John Sellers, and Brian O'Keefe.

There are no claims remaining in any of these cases which would impose individual liability against Defendants Douglas Hyman, Norman Lippitt, John Sellers, and Brian O'Keefe.

                                      s/PATRICK J. DUGGAN
                                      UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record